# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No. CR-10-043-JHP |
| | ) | |
| PHILLIP DANIEL WISE TALAMASY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Continuance presented to the Court at the Pretrial Conference on August 6, 2010. Defendant requests the Court extend this matter for approximately thirty days due to his recent retention as counsel by defendant.

The Court recognizes that the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*., provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the Court concludes that the requested continuance could impact the 70 day deadline contemplated by § 3161(c)(1).

However, 18 U.S.C. § 3161(h) provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." Among those periods of delay excluded are those periods "resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors which a judge shall consider

in making this determination are "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution...that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(7)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

In this case, the Court finds Defendant's request for a continuance to allow sufficient time to prepare for trial proceeds not from lack of due diligence but from counsel's recent entry of appearance and the jurisdictional issues which will be presented through motion practice. The current trial schedule does not afford counsel for Defendant with adequate time to prepare a defense. Based upon the factors enumerated in 18 U.S.C. § 3161(h)(7)(B)(iv), the Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay occasioned thereby is properly excluded for purposes of the Speedy Trial Act.

As such, the Court concludes that in the interests of justice and for good cause shown, the jury trial shall be continued in this case from August 9, 2010 until September 2, 2010. The Clerk is directed to file an Amended Scheduling Order setting forth the deadlines consistent with a September 2, 2010 trial.

IT IS SO ORDERED this 6th day of August, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma